United States District Court
Southern District of Texas
**ENTERED**
November 20, 2025
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| Vilma Yolanda Padilla Romero, Petitioner, | § § § § § | Civil Action No 4:25-cv-05545 |
| vs. | § § § | Judge Charles Eskridge |
| Grant Dickey, *et al*, Respondents. | § § § | |

## Order

Pending is a petition for a writ of *habeas corpus* and an *ex parte* motion for temporary restraining order filed on November 18, 2025. Dkts 1 & 2.

Petitioner Vilma Yolanda Padilla Romero is a citizen of Honduras who entered the United States without inspection on or about February 1, 2019. Dkt 1 at ¶11. She alleges that she fled Honduras because of "threats and violence directed against her and her family" arising from "her membership in a particular social group." Ibid. She applied for asylum in July 2023, which application she says remains pending. Id at ¶15.

Petitioner states that she was detained by ICE officers and charged with being an alien present in the United States without being admitted or paroled on November 13, 2025. Id at ¶13. She was then processed and placed in detention at the Montgomery Processing Center. Id at ¶14.

Petitioner now challenges her continued detention. She states causes of action for alleged violation of the INA and the Due Process Clause of the Fifth Amendment as interpreted in *Zadvydas v Davis*, 533 US 678 (2001). Id at ¶¶20–32. Among other relief, she requests an *ex parte*

temporary restraining order directing Respondents to immediately release her from custody. Dkt 1 at 7.

Immediate release isn't warranted with entry of this Order. Petitioner hasn't provided sufficient evidence to warrant release before Respondents are given notice and an opportunity to respond. See FRCP 65(b)(1). The petition itself specifically fails to identify any provision of the INA violated by her detention pending initiation of removal proceedings. She does allege that her detention violates 28 USC §1231(a), as interpreted by the Supreme Court in *Zadvydas*. See Dkt 1 at ¶26, citing 533 US at 689. But it isn't clear why she believes that decision pertains, given the relative brevity of her current detention to this point and lack of clarity as to whether the removal period has even yet begun. See 8 USC §1231(a)(1)(B) (defining start of removal period).

The motion for *ex parte* temporary restraining order is thus DENIED. Dkt 2.

That said, and even though not requested, Petitioner is entitled to a show-cause order pursuant to 8 USC §2243.

Respondents are ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by November 25, 2025.

Counsel for Petitioner is ORDERED to provide immediate service of this Order by email directed to the counsel for Government with whom he has been in communication about this matter. It is noted that certificates of service attached to the petition appear to indicate that Respondents have already been served. See Dkt 1 at 9–11.

This matter is SET for a show-cause hearing on December 1, 2025, at 2:30 pm.

So ordered.

Signed on November 20, 2025, at Houston, Texas.

_____
Hon Charles Eskridge
United States District Judge