United States District Court
Southern District of Texas
**ENTERED**
December 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VILMA YOLANDA PADILLA ROMERO, | § § § § § § § § § § § | CIVIL ACTION NUMBER 4:25-cv-05545 |
| Petitioner, | | |
| versus | | JUDGE CHARLES ESKRIDGE |
| GRANT DICKEY, *et al*, Respondents. | | |

ORDER

The petition by Petitioner Vilma Yolanda Padilla Romero for writ of *habeas corpus* and her renewed motion for preliminary injunction were denied at hearing, with further order to follow. Dkt 13. This Order now specifies those reasons.

Petitioner is a citizen of Honduras who entered the United States without lawful permission in February 2019. Dkt 1 at ¶11. On November 13, 2025, she was taken into custody by Immigration and Customs Enforcement, where she currently remains. Id at ¶¶1, 13. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending are a petition for writ of *habeas corpus*, by which Petitioner challenges her detention under the INA and Due Process Clause of the Fifth Amendment, and a renewed motion by Petitioner for a preliminary injunction. See id at ¶¶20–32 & Dkt 9.

As noted at hearing, this action presents the same issue of textual interpretation recently addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*,

2025 WL 3171331 (SD Tex). See Dkt 8. The construction given 8 USC §§1225 and 1226 in that case thus controls here.

Petitioner's due process claim also fails. As observed by the Supreme Court, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v Kim*, 538 US 510, 531 (2003) (citations omitted). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526.

Citation by Petitioner to *Zadvydas v Davis* is also unavailing, as there the Supreme Court explicitly distinguished *post*-removal-period detention (which has no obvious termination point, thus requiring a constitutional constraint on unbounded detention) from "detention pending a determination of removability." 533 US 678, 697 (2001). Regardless, Petitioner hasn't shown that her detention is approaching the six-month presumption in *Zadvydas*.

Petitioner claims in her motion for preliminary injunction that her detention pending removal proceedings has the potential to be indefinite given that the Government has "paused adjudication of her asylum claim." Dkt 9 at 4. But no cited authority indicates that a pending asylum application prevents advancement of her removal proceedings. In the event her detention continues beyond the six-month period recognized as reasonable in *Zadvydas*, 533 US at 701, Petitioner may again challenge such detention on *habeas*. But any amended petition should specify why and how that decision pertains, given that no final order of removal has yet entered in this case. Alternatively, Petitioner may raise other authority indicating that her detention pre-removal period violates due process. As it stands, the briefing in this case doesn't indicate such.

The petition for writ of *habeas corpus* and renewed motion by Petitioner for preliminary injunction will be denied. Dkts 1 & 9.

\* \* \*

In so concluding, respectful acknowledgement is given to the seven other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case. Each has determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 4:25-cv-04332 (SD Tex, Oct 10, 2025) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 4:25-cv-03937 (SD Tex, Oct 27, 2025) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J); *Reyes-Lopez v Noem*, 4:25-cv-04629 (SD Tex, Nov 21, 2025) (Lake, J); *Espinoza Andres v Noem*, 4:25-cv-05128 (SD Tex, Dec 2, 2025) (Hittner, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that at least two cases from the Southern District of Texas are currently pending before the Fifth Circuit on this issue. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J); *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division).

If decision from the Fifth Circuit enters that is contrary to the ruling here and in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex), Petitioner may freely seek leave to file a motion for reconsideration on an expedited basis, if desired. Or he may initiate a separate petition.

\* \* \*

The petition for writ of *habeas corpus* by Petitioner Vilma Yolanda Padilla Romero is DENIED. Dkt 1.

3

The renewed motion by Petitioner Vilma Yolanda Padilla Romero for preliminary injunction is DENIED. Dkt 9.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on December 22, 2025, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge